IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BENCHMARK CONSTRUCTION CO., INC.,** et al., | CASE NO. 3:23 CV 11 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CONTECH ENGINEERED SOLUTIONS LLC, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

The matter now before the Court is Defendant Sekisui Rib Loc. Australia Pty., Ltd.'s ("SRLA") Motion to Dismiss Plaintiffs MG Underground, LLC ("MGU") and Benchmark Construction Co., Inc.'s ("Benchmark") Complaint for breach of contract, breach of express warranty, breach of implied warranty, negligence, and indemnification. (Doc. 16). Plaintiffs opposed (Doc. 18), and SRLA replied (Doc. 19).

For the reasons discussed below, the motion is granted.

### BACKGROUND

Plaintiffs initiated this action against SRLA and Defendant Contech Engineered Solutions LLC ("Contech") for alleged breach of contract, breach of express warranty, breach of implied warranty, negligence, and indemnification. *See* Doc. 1.

Benchmark entered into a contract with non-party City of Lima, Ohio ("Lima") as the contractor for a construction project known as the "West High and North Jameson Sewer Rehabilitation" project. *Id.* at ¶ 8. That contract was in the amount of $3,250,828 and was set to

commence on July 17, 2018. *Id.* at ¶ 9. Benchmark subcontracted with MGU to provide labor and materials and to "indemnify Benchmark for poor workmanship or Project claims". *Id.* at ¶ 10. MGU thereafter entered into a contract with Contech to supply SPR PE material for the project. *Id.* at ¶ 11. SRLA supplied material to Contech and provided on-site labor and supervision to MGU, including SRLA site supervisor Cyril Aibout, who worked on the project in Lima. *Id.* at ¶ 13.

Lima paid Benchmark $1,396,540.36 for work performed on the project. *Id.* at ¶ 16. Benchmark in turn made payments to MGU, which then paid Contech and SRLA. *Id.* Plaintiffs allege that "[t]he materials and work supplied by Contech and Sekisui were of poor quality and workmanship, resulting in termination of the Project and litigation". *Id.* at ¶ 17. On April 24, 2020, Lima terminated the contract. *Id.* at ¶ 18.

Related Litigation

After contract termination, Benchmark and MGU filed suit against Lima for damages under various theories sounding in tort and contract, in response to which Lima filed similarly-styled counterclaims. *See Benchmark Constr. Co. v. City of Lima*, No. 3:20 CV 1077 (N.D. Ohio). That case, also before this Court, is ongoing. *Id.* On September 28, 2022, this Court dismissed Benchmark and MGU's claims and granted summary judgment in Lima's favor on its counterclaims for breach of contract and breach of express warranty liability against Benchmark; no final judgment has been entered as to damages. *Benchmark Constr. Co. v. City of Lima*, 2022 U.S. Dist. LEXIS 176576 (N.D. Ohio) (hereafter "the Lima Case"). The Court denied Lima's motion for summary judgment on its common law tort claims against Benchmark pursuant to Ohio's economic-loss rule. *Id.* at *36. MGU has not been found liable. *See generally, id.*

Following the September 28, 2022, Memorandum Opinion and Order, the Court held a status conference whereat a damages hearing was set for March 29, 2023. *See Benchmark*, No. 3:20 CV 1077 (Non-document Order dated October 27, 2022). At the joint request of Benchmark, MGU, and Lima, that hearing was vacated, and a universal settlement conference, to include parties in the 2020 litigation as well as Contech and SRLA, was scheduled for May 18, 2023, before Magistrate Judge Darrell A. Clay. The discussions did not produce any settlement agreement.

## STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to plaintiffs, accepts all factual allegations as true, and determines whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction.

> A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis.

3

> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. Plaintiff bears the burden of establishing that subject matter jurisdiction exists.

*Cartwright v. Garner*, 751 F.3d 752, 759-70 (6th Cir. 2014) (internal citations omitted).

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of a claim for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "In deciding a motion to dismiss for lack of personal jurisdiction, the Court may resolve the motion without an evidentiary hearing; the Court, however, must construe the pleadings, affidavits, and other evidence in the light most favorable to the plaintiff, *Bird v. Parsons*, 289 F. 3d 865, 871 (6th Cir. 2002), and should not weigh 'the controverting assertions of the party seeking dismissal.' *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)." *H.H. Franchising Sys. v. Brooker-Gardner*, 2015 U.S. Dist. LEXIS 94827, *7 (S.D. Ohio).

## DISCUSSION

Plaintiffs bring six claims against SRLA and Contech: (1) breach of contract; (2) breach of contract; (3) breach of implied warranty; (4) negligence; (5) indemnification; and (6) pre-judgment interest. *See* Doc. 1. SRLA moves to dismiss all claims for lack of subject matter jurisdiction. Alternatively, SRLA contends it is entitled to dismissal for lack of personal jurisdiction and for failure to state a claim. SRLA further asserts that if the claims survive, all are subject to an arbitration clause. For the following reasons, SRLA's motion is granted and Plaintiffs' claims – against SLRA and Contech – are dismissed for lack of subject matter jurisdiction.

4

Character of the Claims

All of Plaintiffs' claims, aside from pre-judgment interest, are duplicative of the indemnity claim. The Complaint does not allege specific acts of contractual breach or tortious conduct on the part of Defendants. Instead, Plaintiffs allege this Court "found Benchmark liable on the Project for damages due to failure of the materials and workmanship supplied by Defendants Contech and Sekisui", citing *Benchmark Construction Company v. City of Lima*, No. 3:20 CV 1077. (Doc. 1, at ¶ 19). Plaintiffs then allege for each substantive cause of action (breach of contract, breach of express warranty, breach of implied warranty, and negligence) that Defendants are liable to Plaintiffs "[t]o the extent that Plaintiffs are liable to the City of Lima":

> 23. To the extent that Plaintiffs are liable to the City of Lima for Lima's First Counterclaim, Breach of Contract, then Defendants Contech and Sekisui also breached their subcontracts, and are liable to Plaintiffs for indemnification.
>
> * * *
>
> 27. To the extent that Plaintiffs are liable to the City of Lima for its Second Counterclaim, Breach of Express Warranty, then Defendants Contech and Sekisui also breached their express warranties, and are liable to Plaintiffs for indemnification.
>
> * * *
>
> 31. To the extent that Plaintiffs are liable to the City of Lima for its Third Counterclaim, Breach of Implied Warranty, then Defendants Contech and Sekisui also breached their implied warranties, and are liable to Plaintiffs for indemnification.
>
> * * *
>
> 35. To the extent that Plaintiffs are liable to the City of Lima for its Fourth Counterclaim, Negligence, then Defendants Contech and Sekisui also are negligent, and are liable to Plaintiffs for indemnification.

*Id.*

In their opposition brief, Plaintiffs state, regarding the breach of contract claim, "[t]his lawsuit could stand independently if necessary, if only to try the issue of Contech's and Sekisui's liability as a defense to Plaintiffs' payment of any further compensation for either material or labor. But the real issue is indemnification for Lima's claims at the time of the trial court finding

5

liability." (Doc. 18, at 5). Plaintiffs' contention that Contech and SRLA are in breach as a defense to Contech's counterclaim (Doc. 9) is not "sufficient factual matter . . . to state a claim to relief that is plausible on its face", *Ashcroft*, 556 U.S. at 678, as to an independent claim for damages against Defendants. Plaintiffs expressly state this action is rooted in damages stemming from Benchmark's liability to Lima; no other damages are identified in the Complaint.

This formulation of Plaintiffs' claims is supported throughout their opposition brief, including the following arguments set forth by Plaintiffs:

> Prior to the trial court's finding of liability, Plaintiffs had no claim against Contech or Sekisui. With the trial court's Summary Judgment, Plaintiffs' claims became ripe against Contech and Sekisui. . . Otherwise, the current status of the case finding opens the door to Plaintiffs' demands for indemnification and subrogation of the claims stated in the City of Lima's Complaint. (Doc. 18, at 4).

* * *

> Sekisui alleges that Plaintiffs "fail to identify any contractual provision" for breach. Complaint Exhibit B is a purchase order describing Sekisui's scope of work. To the extent that Sekisui's work contributed to the liability described by the trial court, then Sekisui breached. (*Id.* at 8).

* * *

> Sekisui misses the point when arguing that breach of warranty and negligence are not actionable under the Economic Loss Doctrine. Plaintiffs plead for indemnification for any and all bases of liability to Lima for Lima's parallel claims of warranty (Second and Third Claims) and negligence (Fourth Claim). Indemnification will depend on how the trial court ultimately rules on Lima's identical claims. (*Id.* at 9).

* * *

> Plaintiffs need only show a prima facie pleading in their Complaint, which certainly they did, tied into Lima's claims which are the genesis of liability. (*Id.* at 10).

Plaintiffs make clear the Complaint seeks "recourse in form for the liability findings in the companion litigation when referencing Sekisui", thus sounding in indemnification, and not claims seeking damages unrelated to those in the "companion action", *Benchmark Construction Company*

6

*v. City of Lima*, No. 3:20 CV 1077. (Doc. 18, at 10). Therefore, the Court finds that the character of Plaintiffs' claims all sound in indemnity and identify the corresponding claim(s) for which Plaintiff Benchmark may owe money damages to Lima.

Subject Matter Jurisdiction

SRLA attacks this Court's subject matter jurisdiction by arguing Plaintiffs' indemnity claims are unripe. (Doc. 16, at 5-6). SRLA's argument is threefold: (1) no fault has been attributed to SRLA in the Lima case; (2) no final judgment has been entered in the Lima case; and (3) there is no finding of liability against MGU, the only party to which SRLA could owe indemnification. (Doc. 16, at 5-6). Plaintiffs argue the claims are ripe because the attachment of liability alone, even without a final judgment as to damages, makes an indemnification claim actionable. (Doc. 18, at 5-6). Plaintiffs further argue that Benchmark is "subrogated to [MGU's] rights against Contech and [SRLA]" because Benchmark looks to MGU for indemnification, and MGU in turn looks to Contech and SRLA for indemnification. *Id.* at 4-5.

"Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Brown v. City of Royal Oak*, 202 F. App'x 62, 65 (6th Cir. 2006) (citing *Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992)).

"Before a court can adjudicate an indemnity action, there has to be a loss to indemnify." *Midwest Found. Indep. Ass'n v. United States*, 1986 U.S. Dist. LEXIS 27060, *8 (S.D. Ohio). "Indemnification claims are frequently brought while unripe . . . Because of this, as a general matter, a claim for indemnification for damages that may be awarded on an underlying tort claim should not be adjudicated on the merits until the underlying claim is adjudicated." *Jackson v. City of Cleveland*, 925 F.3d 793, 807-08 (6th Cir. 2019).

7

Under Ohio law, "[i]ndemnification is a right of a person who has been compelled to pay what another should pay in full to require complete reimbursement. Put another way, an indemnification claim only exists if the other person was liable to [so pay] under the law." *State ex rel. Yost v. Settlers Walk Home Owners Ass'n*, 2022-Ohio-3106, ¶ 25 (Ohio Ct. App.) (internal quotations and citations omitted). "Indemnity therefore arises from either an express or an implied contract." *Lingo v. Ohio Cent. R.R.*, 2006-Ohio-2268, ¶ 34 (Ohio Ct. App.).

*MGU*

The Court first examines its subject matter jurisdiction over MGU's claims. The Complaint alleges SRLA and Contech supplied material and/or labor "directly to [MGU]" during the project. (Doc. 1, at ¶¶ 11-15). SRLA invoiced MGU for its services. *Id.* at ¶ 15. Plaintiffs attached to the Complaint a purchase order invoice between SRLA and MGU for onsite services and SPR material. (Doc 1-2). Therefore, the basis for indemnity between SRLA and MGU arises from that contractual relationship. *Ind. Ins. Co. v. Barnes*, 846 N.E.2d 73, 77 (Ohio Ct. App. 2005) ("Indemnification may also be implied from a contractual agreement or relationship.").

Although the contractual relationship between SRLA and MGU is one that courts have "recognized that implied indemnification may arise out of", *Barnes*, 846 N.E.2d at 77, this Court lacks subject-matter jurisdiction because MGU "has [not] been compelled to pay what [SRLA] should pay in full". *Settlers Walk Home Owners Ass'n*, 2022-Ohio-3106 at ¶ 25. Nothing in the pleadings shows MGU has been compelled to pay anything or that it has been found liable in the Lima case. *See* Doc. 1.

Plaintiffs contend that the lack of liability or damages attributed to MGU at this point is not fatal to MGU's claims "[b]ecause . . . Benchmark looks to MG for indemnification. MG looks to its subcontractors Contech and Sekisui to indemnify for their defective materials and

8

workmanship." (Doc. 18, at 4-5). However, Plaintiffs have not alleged MGU has agreed to indemnify Benchmark. *See* Doc. 1. Furthermore, Benchmark has not filed a Civil Rule 13 crossclaim against MGU either in the instant action (Doc. 1), or in the Lima case (*see* Complaint, 3:20 CV 1107), seeking indemnity. The Court is not permitted to assume MGU's liability absent pleadings to that effect. *Cf. Burnett v. United States Gov't*, 1994 U.S. Dist. LEXIS 21942, *2 (W.D. Mich. 1994) (noting that even under the more liberal pleading standard afforded to *pro se* litigants, "the Court need not conjure up allegations where the complaint is inadequate.").

Plaintiffs also argue "Benchmark is subrogated to MG's rights against Contech and Sekisui." (Doc. 18, at 5). Plaintiffs do not cite, and the Court does not find, authority supporting Plaintiffs' proposition that Plaintiffs' rights are intertwined as a matter of law just because Benchmark could have (but has not) sought indemnity from MGU. Nor is there any allegation that MGU agreed to assume Benchmark's liability. *See* Doc. 1.

In Ohio, there are traditionally two types of subrogation: conventional and equitable. *Hawkins v. Anchors*, 2004-Ohio-3341, ¶ 44 (Ohio Ct. App.). "Conventional subrogation is premised on the contractual obligations of the parties, either express or implied." *Corn v. Whitmere*, 916 N.E.2d 838, 845 (Ohio Ct. App. 2009). "[E]quitable subrogation arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another that he is in equity entitled to the security or obligation held by the creditor whom he has paid." *Tower City Title Agency v. Flaisman*, 2001 Ohio App. LEXIS 1837, *5 (Ohio Ct. App.). Plaintiffs have identified neither an express or implied contract nor an equitable right; therefore, Plaintiffs have not alleged sufficient factual matter for this Court to find that either form of subrogation is relevant to this matter.

Because MGU has no loss to indemnify, "this [ ] claim [ ] depends on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Warshak v. United States*, 532 F.3d 521, 526 (6th Cir. 2008). Accordingly, MGU's claims are not ripe for judicial resolution, and SRLA is thus entitled to dismissal.

*Benchmark*

Benchmark recognizes its recovery flows through MGU. (Doc. 18, at 4-5). This Court rejected Plaintiffs' argument that Benchmark, by function of law, is the subrogee of MGU's rights against Defendants. Because MGU's claims are not ripe for judicial resolution, and because Benchmark contends its claims are derivative of MGU's, this Court accordingly lacks subject-matter jurisdiction over Benchmark's claims, and SRLA is entitled to dismissal.

Alternatively, assuming *arguendo* that Benchmark contends it is entitled to indemnity directly from Defendants, independent of MGU's rights, Benchmark still fails to state a claim against Defendants. Plaintiffs do not allege contractual privity between Benchmark and SRLA. *See generally*, Doc. 1. The Complaint alleges SRLA's contacts relevant to this litigation were all directed at MGU. *See id.*, at ¶¶ 11-15.

In Ohio, "[t]he right of indemnity may arise from an express agreement or contract, or it may be implied from a contractual agreement or relationship. In contrast to an express agreement, an implied right to indemnity should be recognized when the party committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other." *Clevenger v. Dillard's Dep't Stores*, 2007 U.S. Dist. LEXIS 73549, *38 (S.D. Ohio) (citing *Reynolds v. Physicians Ins. Co.*, 623 N.E.2d 30, 31 (Ohio 1993) (internal citations omitted)). Here, there is no factual allegation that Benchmark shared a contractual relationship

10

with either Contech or SRLA. *See* Doc. 1. Therefore, Benchmark must show an implied right to indemnity to overcome dismissal.

"An implied contract of indemnity should be recognized in situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant." *Reynolds*, 623 N.E.2d at 31 (internal citations omitted).

"Secondary liability arises where a relationship exists between parties that permits one to be held liable for the consequences of the other's action." *Waverly City Sch. Dist. Bd. of Educ. v. Triad Architects, Inc.*, 2008-Ohio-6917, ¶ 34 (Ohio Ct. App.). "[C]ourts decline to find implied contracts of indemnity in the absence of a sufficient relationship between the party claiming indemnity and party alleged to be primarily liable." *Id.* at ¶ 35. In *Waverly*, an Ohio appellate court found a subcontractor's relationship with the plaintiffs too tenuous to qualify as a "related tortfeasor" under *Reynolds*. In *Waverly*, the subcontractor's only relationship with the plaintiffs was through another contractor and was therefore too far removed to give rise to an implied indemnity claim. *Id.* at ¶ 36.

The Complaint only alleges a contractual relationship exists between SRLA and MGU, not SRLA and Benchmark. (Doc. 1, at ¶¶ 13, 15). This Court finds that the relationship, if any, between a general contractor and a sub-subcontractor is too tenuous to impute liability under an implied indemnity cause of action where the pleadings indicate no direct relationship between the general contractor and sub-subcontractor exists. "Any liability that [Benchmark] may incur arises not as a

11

result of any relationship to the alleged wrongdoers, but by virtue of [Benchmark's] contractual relationship with [MGU]." *Waverly*, 2008-Ohio-6917, ¶ 36.

Thus, assuming *arguendo* Benchmark intended to argue it was entitled to indemnity from Defendants without assuming MGU's rights, Defendants are entitled to dismissal for failure to state a claim.

*Contech*

"[A] district court may *sua sponte* dismiss a complaint under Rule 12(b)(1) where it lacks the legal plausibility necessary to invoke federal subject matter jurisdiction." *Jackson v. Apple*, 2022 U.S. Dist. LEXIS 164384, *2-3 (N.D. Ohio). Because Plaintiffs' claims are not ripe, this Court *sua sponte* dismisses Plaintiffs' claims against Contech. *See Quinn v. Shirey*, 293 F.3d 315, 322 n.4 (6th Cir. 2002) (finding permissible dismissal as to all defendants where argument made by one defendant applied to the other and plaintiff had an adequate opportunity to respond to the basis for dismissal).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Sekisui Rib Loc. Australia Pty., Ltd.'s Motion to Dismiss (Doc. 16) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiffs' claims against Defendant Contech Engineered Solutions LLC, be and the same hereby, DISMISSED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE